**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

ROSCOE PROSSER,                          :
                                         :
        Plaintiff,                       :
                                         :
v.                                       :        CASE NO.: 7:25-CV-00020 (WLS)
                                         :
STAM EXPRESS and PAUL LASKARIS, :
                                         :
        Defendants.                      :
_____  :

## ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment (Doc. 14), filed on November 26, 2025. Therein, Defendants move for summary judgment on some of Plaintiff's claims, including negligent hiring, training, and supervision, punitive damages, and attorneys' fees. On December 23, 2025, Plaintiff filed a Response (Doc. 19) to Defendants' Motion, dismissing those claims.

As background, Plaintiff Roscoe Prosser filed suit against Defendants Stam Express and John Doe in the State Court of Thomas County, Georgia, on September 30, 2024. Defendants removed the case to this Court on February 12, 2025. (Doc. 1). Plaintiff filed an Amended Complaint (Doc. 10), with the Court's permission, on July 21, 2025, substituting Paul Laskaris for the John Doe defendant. Plaintiff's Amended Complaint asserts a claim against Defendant Laskaris for negligence (Count 1), claims against Defendant Stam Express for imputed liability (Count 2) and negligent hiring, training, and supervision (Count 3), and claims against both Defendants for attorneys' fees and expenses (Count 4) and punitive damages (Count 5). (Doc. 10). Defendants move for summary judgment on Counts 3, 4, and 5. In response, Plaintiff states that he is dismissing those claims.

Ordinarily, once a motion for summary judgment has been served, a plaintiff may dismiss an action only "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). This general rule, however, does not apply to the dismissal of only some of the plaintiff's claims. The Federal Rules do not permit the

1

voluntary dismissal of claims by a plaintiff, but only the voluntary dismissal of an "action." *See* Fed. R. Civ. P. 41(a). "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (quoting 8 Moore's Federal Practice § 41.21[2] at 41.32)); *see Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 n.2 (5th Cir. 1978) ("[T]he plaintiff's elimination of a fragment of an action . . . is more appropriately considered to be an amendment to the complaint under Rule 15."); *State Treasurer of State of Michigan v. Barry*, 168 F.3d 8, 19 n.9 (11th Cir. 1999) ("Most likely, the proper way to drop a claim without prejudice is to amend the complaint under Rule 15(a)."). Accordingly, a party seeking to dismiss a claim must amend under Rule 15, and Rule 15 requires the filing of an amended complaint.

With these principles in mind, the proper method for the dismissal of Plaintiff's claims in Counts 3, 4, and 5 is the filing of an amended complaint, rather than dismissal in response to a motion for summary judgment. As such, the Court will allow Plaintiff to move to file a second amended complaint removing the claims for negligent hiring, training, and supervision, punitive damages, and attorneys' fees. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff must do so **within seven (7) days** of the entry of this Order, or **by no later than Monday, March 9, 2026**.

**SO ORDERED**, this 2nd day of March 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2